## SPRUELL *et al. v.* MITCHELL *et al.*

Under the allegations of the petition, the judge did not err in dismissing the action on general demurrer.

MARCH 2, 1912.

Equitable petition. Before Judge Bell. Fulton superior court. October 29, 1910.

Thomas E. Spruell and Joseph S. Power, who were nominated as executors of the will of Stephen Spruell Jr., made application to probate it in solemn form. The testator had a wife, one son (the above-named executor, T. E. Spruell), and seven daughters, one of whom was Mary A. Cox; and the will disposed of real and personal property. The entire estate was bequeathed to the testator's

wife for life, and "at her death then to be equally divided among my eight children, except my daughter M. A. Cox, I will and bequeath to her five dollars, and the other seven, namely [naming them], to be divided among them seven." When the will was propounded, all of the legatees, who were the only heirs at law of the testator, having previously attained majority, and none of them laboring under any legal disability, were made parties to the proceeding, and served. One of the daughters, Mary A. Cox, filed a caveat, alleging extreme old age and mental weakness of the testator, imbecility of mind and body, and want of memory, so that he was not capable of making a will; also, that the will was unequal and inequitable and unjust in its provisions, and that the testator had been induced to make it so by reason of undue influence exercised over him by other members of the family, tending to prejudice him against her, thereby inducing the testator to execute the will while laboring under the false impression that the caveatrix was his enemy, etc. Upon the trial of the caveat before the ordinary, a judgment was rendered admitting the will to record. An appeal was entered to the superior court, where, on the trial, the following verdict was rendered on October 18, 1900: "We, the jury, find that the will offered is the true and lawful last will and testament of Stephen Spruell, deceased, and that the same is properly set up, established, and admitted to probate in solemn form as such, except as follows: We find that the item of said will bequeathing five dollars to Margaret Cox, and excluding her from participation in any further distribution of said estate, is not the will and wish of said deceased, but that the said Margaret Cox is entitled, as a legatee, to an equal share of the estate of said deceased, with each of the other children of the deceased, legatees under said will, subject to the life-estate bequeathed to the widow of said deceased, and that she stands, with reference to said estate and under said will, on equal terms with the other children, legatees as aforesaid." Upon this verdict the court entered the following judgment of the same date: "Whereupon it is ordered, adjudged, and decreed by the court that the will of Stephen Spruell be and the same is hereby set up, established, and probated in solemn form as the last will and testament of said Stephen Spruell, deceased, except that the item bequeathing five dollars to Margaret Cox is set aside as not being the will and wish of said deceased, and that the said Margaret Cox is declared to be

a legatee of a share of said estate equal to the share of each of the other legatees, children of the deceased, subject to the life-estate of the widow of said deceased. It is further adjudged that the officers of the court have judgment against Thos. E. Spruell and Jos. S. Power, executors of the will of Stephen Spruell, ·for ————dollars———cents, costs. Ordered further that certi-·fied copies of this writ of judgment be transmitted with the will to the ordinary of this county, to be entered of record with said will."

Neither of the nominated executors ever qualified, but they caused the property to be appraised, and individually paid taxes on it. After the judgment above mentioned, rendered on appeal, some of the daughters of the testator died, leaving children. The life-tenant died in March, 1910. During the years 1909 and 1910, some of the daughters of the testator, tenants in remainder, and heirs of daughters who had died since judgment upon the caveat to the will, sold to Arnold Broyles, J. N. Mitchell, C. L. DeFoor, and D. C. Lyle their several undivided interests in the lands devised by the will. After these sales the nominated executors, in April, 1910, filed application to the ordinary for leave to sell the real estate left by the testator. Broyles and the other purchasers filed caveats, objecting to the sale on specified grounds; and the case so made was appealed to the superior court by consent, and was never tried. Mary A. Cox had in the meantime died intestate, and Courtland S. Winn was appointed administrator upon her estate. He intervened in the case so pending on appeal, and urged objections to the sale. Before the death of the testator, M. M. Cox, the husband of Mary A. Cox, had instituted suit against the testator, who pleaded a counter-claim for a larger amount than that alleged against him, which was never .tried. In June, 1910, T. E. Spruell and J. S. Power, the nominated executors, filed a petition in their own behalf, as executors, and in behalf of some of the minor children of legatees who had died after the rendition of the verdict and decree establishing the will, against other legatees in life, and against Winn as administrator of Mary A. Cox, deceased, and Broyles and the other purchasers mentioned. The petition as amended alleged what has been stated, and the following: The verdict and decree were obtained by fraud of the attorney who represented the propounders. The appraisers were at the court-house for the purpose

of trying the case, when negotiations were entered into between their counsel and counsel for Mary A. Cox, the caveatrix, and her husband. What was said between counsel and the parties when conferring was not heard by the propounders, but their counsel represented to them that the opposite parties would agree to dismiss the appeal if the children of the testator would make "them equal with the balance of the children of said estate." The propounders informed their attorney, now deceased, that they were willing to do so, if the other children were willing, but that the will was not to be molested. They were also told that the suit on the part of Cox, the husband of the caveatrix, instituted against the testator during his lifetime, would be dismissed, and the will would stand as probated in the ordinary's court. They did not authorize, directly or indirectly, their attorney to consent to the verdict which was rendered, as hereinbefore expressed, and they had no authority to do so. It was contended that under the circumstances, if the verdict had been consented to, it was contrary to law and public policy, and, under the terms of the will, could not be rendered by agreement, the effect of it being to destroy, rather than set up, the will. Though present in court at the trial, propounders did not know until recently the substance of the verdict and decree. The legatees and the purchasers from them assert undivided interests in different proportions, some asserting a seventh interest and others an eighth, thus bringing about confusion as to how the estate should be divided. The persons at interest, either as legatees or representatives of legatees, are numerous, live in different States, and the residences of some of them are not known, and, owing to the character of their respective claims, and in order to avoid a multiplicity of suits, it is necessary that the interests of all parties be declared in one decree, and that direction be given the executors touching the distribution of the estate. The relief prayed for was: (*a*) that the verdict and decree setting up and establishing the will be declared null and void, and that a trial be had on the case appealed, as if no verdict had been rendered; (*b*) in the event that the verdict and decree establishing the will be not set aside, that the title and interest of the various parties be ascertained and adjudicated; (*c*) in the event it should be found that the verdict and decree establishing the will is valid, that petitioners be allowed to qualify as executors of the estate and sell the property as

such; (*d*) for process and general relief. The petition was dismissed on general demurrer, and the plaintiffs excepted.

*Alonzo Field,* for plaintiffs.

*W. H. Terrell, F. A. Quillian,* and *Paul L. Lindsay,* for defendants.

ATKINSON, J. The correctness of the ruling depends upon the right of the plaintiffs, ten years after the rendition of the verdict and decree, to have them set aside on the ground of attack urged against them. It is alleged, in the first place, that the verdict is void, because it was not authorized by the pleadings, and was against public policy. The case was brought to the superior court by appeal, and the petition for probate filed by the propounders and the caveat filed by the objector constituted the pleadings. The grounds of caveat, considered in connection with the petition, were sufficient to raise issues upon which an entire intestacy, or an intestacy merely as to Mrs. Cox, might be declared. The verdict, therefore, was not subject to the objection that it was void in its entirety, on the ground that there were no pleadings to authorize it. Nor was it void on the ground that the court was without jurisdiction, or that it was violative of public policy. All the legatees and heirs and the propounders, now plaintiffs, were before the court and laboring under no legal disability, and, there being issues which might defeat the will in whole or in part, agreed with the caveatrix on terms which saved the will in part and set it aside in part. The fact that the verdict also purported to give effect to what all the other parties agreed the caveatrix should take would not destroy it, certainly not in so far as it affected the parties to the case, or their privies in estate. It is urged that there was no consent for such verdict and decree by the parties, but that they were obtained by fraud and collusion between the caveatrix and the attorney for the propounders of the will. It is alleged that the propounders were present at the trial, and it is not entirely clear how or why they did not have full knowledge of the verdict and decree. It is not to be presumed that they were clandestinely rendered by the court. The plaintiffs at least knew that a verdict and decree had been rendered, and it was inexcusable laches for them to wait a period of ten years before instituting equitable proceedings to set it aside or have it declared void. While the petition referred to a number of matters, so far as the plaintiffs are concerned they depended upon

upsetting the verdict and decree to which reference has been made; and the judge did not err in dismissing the petition on general de-murrer.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., disqualified, and Hill, J., not presiding.*